IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06CV00049HEA |
| | ) |
| 9.25 ACRES OF LAND, more or less, | ) |
| situated in the County of Pemiscot, | ) |
| State of Missouri, and OSCAR VAUGHN, | ) |
| also known as Oscar Vaughn, Jr., | ) |
| deceased, et. al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This federal condemnation action is before the Court for a Final Order and Judgment of Condemnation. Based on the following Findings of Fact and Conclusions of Law, the Court finds that the total just compensation payable by the Plaintiff for the taking of all interests in the property that is the subject of this case as set forth in the Complaint and Declaration of Taking filed herein, shall be the sum of $17,000, inclusive of interest, and will enter a Final Order and Judgment of Condemnation this same date.

**FINDINGS OF FACT**

1. This civil action was filed by the Plaintiff, United States of America, at the request of the Secretary of the Army to seek condemnation of a certain parcel of real estate designated as Tract No. 121E, containing 9.25 acres, as a perpetual channel easement (the "property").

2. The "property" is located approximately one mile northeast of Steele, Missouri in Pemiscot County, which is in the Southeastern Division of the Eastern District of Missouri. The

highest and best use of the "property" consisting of a total of 9.25 acres of land, more or less, is for agricultural production.

  3. A search of the records in the Office of the Recorder of Deeds for Pemiscot County, Missouri, disclosed several persons with a possible interest in the "property."

  4. On or about November 30, 2001 the United States, by and through its agency, the Department of the Army, entered into a written agreement for the United States to pay to the "property" owners for the channel improvement easement (Tract 100E) the sum of $17,000, inclusive of interest.

  5. Pursuant to the terms of the written agreement between the parties, the payment of said $17,000 was subject to the "property" owners executing and delivering a good and sufficient easement deed with warranty of title conveying said easement and rights to the United States of America and its assigns, free and clear from all liens and encumbrances, subject only to existing easements for public roads and highways, public utilities, railroads and pipelines.

  6. Pursuant to paragraph 5 of said contract, the "property" vendors granted to the United States the right of immediate occupancy and use of the land until such time as said easement was conveyed to the United States.

  7. Pursuant to paragraph 4 of said contract, the "property" vendors agreed that the United States may, notwithstanding the prior acceptance of the offer, acquire title to said easement and rights by condemnation or other judicial proceedings, and, in which event the "property" vendors agreed to cooperate with the United States in the prosecution of such proceedings. Those vendors signing said agreement were as follows: Oscar Vaughn, Rheta Vaughn, Beryl Shepard, Randall Vaughn, Teresa Vaughn, Darla Vaughn Rayburn, Larry

Rayburn, Mary E. Layman, Mildred Sherwood Braswell, J.D. Braswell, Louise Hamlett, Robert Wayne Vaughn, Jeffrey Lynn Vaughn, Jeanette Hamlett, Rebecca Ann Hamlett Chastain, Larry Chastain, Debra Lynette Hamlett Bowman, Gary Lynn Bowman, Stacy Michelle Hamlett Faulkner and Jeffrey Lynn Faulkner. Those known to be deceased were Charles Hamlett, Pauline Terrell Pierce and Catherine Bostic and Clyde Hamlett.

8. On or about March 5, 2005 the Attorney Advisor for the Department of the Army, Memphis District, Corps of Engineers, Memphis, Tennessee determined that the subject property would have to be acquired by judicial condemnation because the Southeast Missouri Title Company, Inc. determined that it was impossible to reliably determine the proper heirs in a succession of intestate and non-probated estates affecting the chain of title, thereby mandating judicial condemnation in order to transfer good title to the United States.

9. On April 5, 2006 the United States of America filed its Complaint and deposited into the Court Registry the sum of $17,000, representing the agreed upon price and just compensation of the "property" payable to the owners by the United States.

10. With its Complaint, the United States also filed on April 5, 2006 a Declaration of Taking acquiring as to Tract No. 121E, a perpetual channel construction easement over 9.25 acres.

11. The public uses for which the subject land was taken were to provide for flood control in the Lower Mississippi River Basin and for other uses incident thereto. The land was selected for acquisition by the United States for use in connection with the construction, operation and maintenance of Main and Ditch 2, Item 1, St. Francis Basin Project, as part of the general comprehensive plan for flood control and other purposes on the St. Francis River in the Lower

3

Mississippi River Basin, and for such other uses as may be authorized by Congress or by Executive Order.

  12. The interest taken for public use as to Tract No. 121E was a perpetual and assignable right and easement to construct, operate and maintain channel improvement works on, over and across the land, together with all right, title and interest in and to the timber, growing crops, buildings, improvements, and/or other obstructions situated thereon; to excavate, dredge, cut away, and remove any and all of said land, to place thereon dredged or excavated material; including the further right to seed and revegetate the embankment, to maintain the embankment with such vegetation, to prohibit the mowing, cutting, burning, and use of the land for growing crops or grazing, to prohibit the reshaping or removal of earth or other material from said land, and to prohibit public access to the land, and for such other purposes as may be required in connection with said work of improvement; reserving, however, to the owners, their heirs and assigns, the right to construct drainage and irrigation improvements across the easement, and all such additional rights and privileges as may be used without interfering with or abridging the rights and easement hereby acquired; subject, however, to existing easements for public roads and highways, public utilities, railroads and pipelines.

  13. The property taken as to Tract No. 121E is legally described as follows:

A part of the SE 1/4 of the NW 1/4 of Section 36, T 18 N, R 11 E, lying East of lateral Ditch No. 2, Pemiscot County, Missouri, and more particularly described as follows:

Commencing at the northwest corner of Section 36; thence, south along the west line of said section approximately 314.0 feet to a point on the centerline of lateral Ditch No. 2; thence, southeasterly along said centerline approximately 2,155.0 feet to the dividing property line for point of beginning; thence, along said property line North 00E 44' 30" West 526.0 feet to the east right-of-way line of Main & Ditch

No. 2, Item No. 1, Channel Enlargement Project; thence, along said right-of-way line the following bearings and distances: South 39 E 37' 22" East 671.0 feet; South 45 E 14' 35" East 893.0 feet to the dividing property line; thence, along said property line North 89 E 47' 15" West 480.0 feet to a point on the centerline of lateral Ditch No. 2; thence, northwesterly along said centerline approximately 845.0 feet to the point of beginning and containing 9.25 acres, more or less.

14. The United States named as Defendants, owners and potential owners with a claim of interest in the subject property, those listed on Schedule "B," annexed to the Declaration of Taking, filed with the Complaint as Exhibit 1.

15. Pursuant to Fed.R.Civ.P. 4, service of the notice was made on May 15, 2006 as to defendant State of Missouri (Taxing Authority). Service of the notice was made on defendant Keith Jean (Pemiscot County Collector of Revenue), on defendant Drainage District No. 6 of Pemiscot County, Missouri by serving Pemiscot County Clerk, Larry Ray, and on defendant St. Francis Levee District of Missouri, by serving Charles Davis, all on May 2, 2006. Service was also obtained on May 2, 2006 as to Louise Hamlett, Jeanette Hamlett, Rebecca Ann Hamlett Chastain, Larry Chastain, Debra Lynette Hamlett Bowman, Gary Lynn Bowman, Faye Louise Rhodes, Steven Rhodes, Kay Elouis Leasure, Leroy Leasure and Rita Charlene Hamlett. Larry Terrell and Gail Terrell were served on April 26, 2006. Phylis Delores Watkins and Richard Watkins were served on May 1, 2006. Bearl Vaughn Shepard, Mary E. Layman, Darla Vaughn Rayburn (no longer married to Larry Rayburn), Robert Wayne Vaughn and Jeffrey Lynn Vaughn were all served on May 4, 2006. Randall Vaughn and Teresa Vaughn were served on May 5, 2006. Mildred Sherwood Braswell and J.D. Braswell were served on May 12, 2006. Theta A. Vaughn was served on June 4, 2006 and Kevin Gilmore was served on September 14, 2006. Proof of service as to all of the above-named defendants is in the file.

16. Defendants State of Missouri (Taxing Authority), Keith Jean (Pemiscot County Collector of Revenue), Drainage District No. 6 of Pemiscot County, Missouri, St. Francis Levee District of Missouri, Louise Hamlett, Jeanette Hamlett, Rebecca Ann Hamlett Chastain, Larry Chastain, Debra Lynette Hamlett Bowman, Gary Lynn Bowman, Faye Louise Rhodes, Steven Rhodes, Kay Elouis Leasure, Leroy Leasure, Rita Charlene Hamlett, Larry Terrell, Gail Terrell, Phylis Delores Watkins, Richard Watkins, Bearl Vaughn Shepard, Mary E. Layman, Darla Vaughn Rayburn, Robert Wayne Vaughn, Jeffrey Lynn Vaughn, Randall Vaughn, Teresa Vaughn, Mildred Sherwood Braswell, J.D. Braswell, Theta A. Vaughn and Kevin Gilmore have failed to appear, plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and on November 6, 2007, the District Clerk's Entry of Default was entered against said Defendants.

17. Defendant Stacy Michelle Hamlett Faulkner and her husband, Jeffrey Lynn Faulkner, although not served originally, have by Affidavit filed with the Court on January 14, 2008, acknowledged receipt of the Notice, make no claim of interest to the property or any part of the compensation award and have consented to the authority of the Court to proceed with its Final Order and Judgment of Condemnation.

18. On January 14, 2008, the Court testimony from Louise Hamlett, owner of 85% of the "property" in fee simple. The Offer to Sell Easement representing the agreement between the "property" vendors and the United States was identified by Louise Hamlett and introduced as evidence in this proceeding indicating the purchase price for the "property" to be $17,000.

19. Louise Hamlett also presented to the Court her Application for Withdrawal of Estimated Compensation requesting disbursement of her share of the compensation, to wit: $14,481.48, which was granted by the Court on January 17, 2008.

20. The Court was informed by Louise Hamlett and Government's counsel that the remaining 15% interest in the "property" and the balance of the compensation in the sum of $2,518.52 should be paid to the four heirs of Beryl Shepard and Catherine Bostic, to-wit: Walter Shepard, Emma Shepard Wilson, Cheryl Shepard Hanney and Debbie Shepard Lazore, in equal shares.

21. On June 5, 2007, Walter Shepard, Emma Shepard Wilson, Cheryl Shepard Hanney and Debbie Shepard Lazore, although not served originally, each filed their Affidavit with the Court, acknowledging receipt of the Notice, their interest as an heir of Beryl Shepard, their mother and as an heir of their great aunt, Catherine Bostic, who had no children. Said Affidavits also acknowledge their mother's execution of the Offer to Sell Easement with the Department of the Army for $17,000, approve of said amount as fair and just compensation for interest in said "property," and consent to the authority of the Court to proceed with its Final Order and Judgment of Condemnation.

22. The remaining compensation on deposit with the Clerk in the sum of $2,518.52 is claimed by Walter Shepard, Emma Shepard Wilson, Cheryl Shepard Hanney and Debbie Shepard Lazore, in equal shares of $629.63.

# CONCLUSIONS OF LAW

1. This action arises under Title 40, United States Code, Section 258a and Rule 71A of the Federal Rules of Civil Procedure; and, the Court has jurisdiction under Title 28, United States Code, Section 1345. Venue is appropriate pursuant to 28 U.S.C. § 1403.

2. This civil action was brought by the Plaintiff, United States of America, at the request of the Secretary of the Army, for the taking of property under the power of eminent domain and award of just compensation to the land owners and parties in interest of Tract No. 121E, pursuant to Title 33, United States Code, Section 591.

3. The Declaration of Taking signed by the Secretary of the Army, filed with the Complaint in this case, states that the authority for the taking of the subject property is under and in accordance with the Act of Congress approved February 26, 1931 (46 Stat. 1421, 40 U.S.C. Section 258a), and acts supplementary thereto and amendatory thereof, and under the further authority of the Acts of Congress approved May 15, 1928 (45 Stat. 534, 33 U.S.C. 702a, et. seq.), July 18, 1918 (40 Stat. 911, 33 U.S.C. 594) and August 18, 1941 (55 Stat. 650, 33 U.S.C. 701c-2), which acts authorized the acquisition of land for flood control projects; the Act of Congress approved June 15, 1936 (49 Stat. 1508, 33 U.S.C. 702a-1, et. seq.) as amended by the Act of Congress approved July 24, 1946 (Public Law 526 - 79th Congress), as modified by the Act of Congress approved May 17, 1950 (Public Law 516 - 81st Congress), as further modified and amended by the Act of Congress approved October 27, 1965 (Public Law 89-298) and the Act of Congress Approved August 13, 1968 (Public Law 90-483), which acts authorize the construction, operation and maintenance of Main and Ditch 2, Item 1, St. Francis Basin Project, as part of the general comprehensive plan for flood control and other purposes on the St. Francis River in the

Lower Mississippi Basin; and the Act of Congress approved December 1, 2003, Energy and Water Development Appropriations Act, 2004 (Public Law 108-137), which act appropriated funds for such purposes.

4. All proper process and notice required by law were given to the owners of the property, the named defendants as well as now known additional defendants herein.

5. Title to Tracts No. 121E was vested in Louise Hamlett with 85% and Walter Shepard, Emma Shepard Wilson, Cheryl Shepard Hanney and Debbie Shepard Lazore, in equal shares of 15% on the date of taking.

6. Title to the above-described Tract No. 121E, to the extent of the estate taken, vested in the United States of America on April 5, 2006, free and discharged of all liens and claims whatsoever, and such title is hereby confirmed in the United States of America as of April 5, 2006.

7. Pursuant to the written agreement between the "property" vendors and the United States Department of the Army, evidenced by the Offer to Sell Easement consummated on November 30, 2001, or the consent of the owners pursuant to Affidavits filed, the Court finds that on the date of taking, April 5, 2006, the sum of $17,000, inclusive of interest, was the fair market value of the interest taken in the subject property, and as a result, the "property" owners are entitled to just compensation in the amount of $17,000, inclusive of interest.

8. Judgment should be entered for the owners of the property in the sum of $17,000.

9. Pursuant to the Order of this Court on January 17, 2008 granting Defendant Louise Hamlett's Application for Withdrawal of Estimated Compensation, the sum of $14,481.48 was disbursed to the said Louise Hamlett. On February 1, 2008 Louise Hamlett filed her Receipt

acknowledging having received said sum as satisfaction in full as to her interest in the judgment of $17,000.

**Accordingly**,

**IT IS HEREBY ORDERED** that just compensation for the interest acquired by the Plaintiff, the United States of America, in Tract No. 121E is the sum of $17,000, inclusive of interest, which sum shall be subject to all liens, encumbrances, taxes and other legal assessments.

**IT IS FURTHER ORDERED** that title to the above-designated Tract No. 121E, to the extent of the estate taken, vested in the Plaintiff, the United States of America, on April 5, 2006, free and discharged of all liens and claims whatsoever, and such title is hereby confirmed in the United States of America as of that date.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall distribute the remaining sum of Two Thousand Five Hundred Eighteen and 52/100 Dollars ($2,518.52) as follows: $629.63 to Walter Shepard, $629.63 to Emma Shepard Wilson, $629.63 to Cheryl Shepard Hanney, and $629.63 to Debbie Shepard Lazore.

An separate judgment in accordance with this Memorandum and Order is entered this same date..

Dated this 3rd day of December, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE